1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

10
11   UNITED STATES OF AMERICA,

12                         Plaintiffs,                    No. 2:12-cv-0705-TLN-DAD

13           vs.

14   REAL PROPERTY LOCATED AT 149 G
     STREET, LINCOLN, CALIFORNIA,
15   PLACER COUNTY, APN 008-266-015-000,
     INCLUDING ALL APPURTENANCES
16   AND IMPROVEMENTS THERETO, et al.,
17
18                         Defendants.            ORDER

19   _____/

20
21           This matter is before the Court on the United States' ("Plaintiff") Motion to Stay

22   Forfeiture Action (ECF No. 63) until the conclusion of the currently pending federal criminal

23   prosecution of *United States v. Bart Volen*, et al., Case No. 2:12-CR-00294-MCE, pursuant to

24   18 U.S.C. § 981(g).  Mechanic Bank ("Claimant") has filed an Opposition to Plaintiff's Motion

25   contending that the stay is unnecessary and that such a delay would prejudice Claimant.  (ECF

26   No. 71)  The Court has carefully considered Plaintiff's motion as well as the arguments set

27
28

                                                1

forth in Claimant's opposition.  For the reasons set forth below, this Court grants Plaintiff's Motion to Stay.[1]

I.       FACTUAL AND PROCEDURAL BACKGROUND

          On March 20, 2012, the Government filed its civil forfeiture complaint against eleven defendant real properties, including the Claimed Properties belonging to Bart Volen ("Mr. Volen") or his business entities.  (Complaint, ECF No. 1.)  The Complaint alleges that Mr. Volen defrauded the United Auburn Indian Community (the "UAIC") out of millions of dollars from late 2006 to early 2008 by submitting inflated and false change order invoices in connection with Mr. Volen's duties as a construction manager for four separate construction contracts between Mr. Volen and the UAIC.  Further, the Complaint alleges that the Defendant Properties are subject to forfeiture under 18 U.S.C. § 981 because (1) the Defendant Properties were involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956(a)(1)(B), and (2) the Defendant Properties are derived from proceeds traceable to a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7).

          On April 13, 2012, Claimant filed claims to the three of the Defendant Properties (ECF No. 5) and Claimant filed an Answer to the Complaint (ECF No. 6) asserting that it is an innocent owner under 18 U.S.C. § 983(d) and that its interests in the Claimed Properties are not subject to forfeiture.

          Claimant alleges that in 2007, it established a banking relationship with Mr. Volen and at that time he was known in the community as an experienced real estate investor in the Sacramento area, with a history of favorable earnings, acceptable liquid assets, and an exemplary repayment history in his business dealings.  (Claimant's Opp'n to Pl.'s Mot. To Stay, ECF No. 71 at 4.)  Throughout 2009, Claimant made three separate real property secured loans to Mr. Volen, his wife, and two of his single-purpose entities.  (ECF No. 71 at 4.)  The repayment of each loan was secured by a separate deed of trust against each of the Claimed Properties. (ECF No. 71 at 4.)  Claimant alleges that it exercised due diligence and that nothing

---

[1]    This matter was submitted without oral argument on May 30, 2013.  (Minute Order, ECF No. 99); *see also* E.D. Cal. Local Rule 230(g).

2

1  indicated that the Claimed Properties, Mr. Volen, or any of the borrowers were involved in

2  criminal activities or that the Claimed Properties were purchased with any funds that were

3  derived from criminal activities.  (ECF No. 6 at 7; ECF No. 71 at 4.)

4          On June 13, 2012, Mr. Volen filed a Motion to Dismiss Plaintiff's Complaint

5  (ECF No. 36).[2]   On October 10, 2012, Plaintiff filed a Motion to Stay (ECF No. 63).  On

6  November 11, 2013, Claimant filed a Motion for Summary Judgment (ECF No. 68).

7  II.    STANDARD

8          Pursuant to Title 18, United States Code, section 981(g):

9     (1) Upon motion of the United States, the court shall stay the civil forfeiture
      proceedings if the court determines that civil discovery will adversely affect the
10    ability of the Government to conduct a related criminal investigation or the
      prosecution of a related criminal case.
11    …

12    (3) With respect to the impact of civil discovery described in paragraphs (1) …,
      the court may determine that a stay is unnecessary if a protective order limiting
13    discovery would protect the interest of one party without unfairly limiting the
      ability of the opposing party to pursue the civil case. In no case, however, shall
14    the court impose a protective order as an alternative to a stay if the effect of such
      protective order would be to allow one party to pursue discovery while the other
15    party is substantially unable to do so.

16
      (4) In this subsection, the terms "related criminal case" and "related criminal
17    investigation" mean an actual prosecution or investigation in progress at the
      time at which the request for the stay, or any subsequent motion to life the stay
18    is made. In determining whether a criminal case or investigation is "related" to a
      civil forfeiture proceedings, the court shall consider the degree of similarity
19    between the parties, witnesses, facts, and circumstances involved in the two
      proceedings, without requiring an identity with respect to any one or more
20    factors.

21  Thus, for a civil forfeiture to be stayed the court must determine that: (1) the civil forfeiture is

22  related to a criminal case or investigation, and (2) civil discovery will adversely affect the

23  ability of the Government to conduct a related criminal investigation or the prosecution of the

24  related criminal case.

25

26

27

28  _____
    [2]      At the parties' request the hearing date was continued.  (Minute Order, ECF No. 65.)

III.     ANALYSIS

Plaintiff contends that the forfeiture is related to the criminal prosecution of *United States v. Bart Volen*, et al., Case No. 2:12-CR-00294-MCE, and that a stay is necessary to protect the integrity of the criminal prosecution and to prevent undue prejudice to all parties. If Plaintiff meets its burden of showing that the forfeiture case is related to a criminal proceeding and that civil discovery will adversely affect its abilities concerning that related proceeding, the Court is obligated by the plain language of the statute to grant the Government's request for a stay. *See United States v. Real Prop. Located at 6415 N. Harrison Ave., Fresno Cnty.*, No. 1:11-CV-00304-BAM, 2012 WL 4364076, at *3 (E.D. Cal. Sept. 21, 2012); *see also United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359, In the Name of Gold and Silver Reserve, Inc.*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006) ("Two things are obvious from this language: 1) the Government must satisfy the court that civil discovery would adversely affect the criminal case; if so, then 2) the court must grant the stay.").

First, this Court finds that the forfeiture is related to the criminal prosecution of Mr. Volen.  Where common facts, similar criminal offenses, and common parties exist, the criminal and civil cases are considered to be "related." *See United States v. One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d 1180, 1183 (C.D. Cal. 2011); *United States v. GAF Fin. Services, Inc.*, 335 F. Supp. 2d 1371, 1373 (S.D. Fla. 2004).  Here, the criminal investigation and this civil forfeiture case arise out of the same facts and circumstances and both cases involve many of the same parties.  Claimant Bart Volen is a criminal defendant in Case No. 2:12-CR-00294-MCE.  Likewise, in the civil case the defendant assets are alleged to have been "involved in" or "traceable to" the criminal schemes. As such, all, or nearly all, of the facts alleged in the civil complaint as the basis for forfeiture of the defendant properties are similar to the facts alleged in the Indictment and will be relied upon by the Government in the criminal prosecution.  Moreover, nearly all of the facts, witnesses, and evidence offered by the Government in the forfeiture action will overlap with the criminal prosecution.  Thus, the cases are obviously related and Plaintiff has satisfied the first prong.

4

Second, the Court finds that Plaintiff has shown that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or prosecution of the related criminal case.  The language employed by Section 981(g)(1) reflects an amendment by the Civil Asset Forfeiture Act of 2000 that "broadened the stay relief significantly" and removed the requirement that the Government show good cause.  *See U.S. v. $1,026,781.61 in Funds from Florida Capital Bank*, No. CV 09-04381, 2009 WL 3458189, at *2 (N.D. Cal. Oct. 21, 2009) (quoting *United States v. All Funds Deposited in Account No. 200008524845*, 162 F. Supp. 2d 1325, 1330 (D. Wyo. 2001)).  As such, Section 981(g)(1) does not require a particular showing but does instead require the court to determine whether the civil discovery will interfere with the criminal investigation.  *Id.*

Plaintiff contends that the "adverse impact of full civil discovery during the pendency of a related criminal proceeding arises from the ability to seek the identity and take the depositions of prosecution witnesses, including case investigators and agents, and the obtaining of grand jury and other investigative material not permitted under Fed. R. Crim. P. 16."  (ECF No. 63-1 at 10.)  Courts have long stayed civil forfeiture cases based upon anticipatory discovery issues.  *See One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d at 1184; *United States v. Approximately $69,577 in United States Currency*, No. C09-0674, 2009 WL 1404690, at *3 (N.D. Cal. May 19, 2009); *United States v. Assorted Firearms-Motorcycles & other Pers. Prop.*, 677 F. Supp. 2d 1214, 1216 (C.D. Cal. 2009).  "Where civil discovery would subject the government's criminal investigation to 'early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding,' a stay should be granted."  *All Funds on Deposit in Suntrust Account No. XXXXXXXX8359*, 456 F. Supp. 2d at 65−66 (quoting *U.S. v. One Assortment of Seventy-Three Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005)).

Claimant contends that a stay is not necessary because its summary judgment claim can be decided without the need of further discovery.  (ECF No. 71 at 2.)  In response to Claimant's argument, Plaintiff has moved this Court to deny Claimant's Motion for Summary Judgment pursuant to Fed. R. of Civ. P. 56(d).  (ECF No. 83.)  Rule 56(d) (formerly Rule

56(f)) allows the Court to defer ruling on a summary judgment motion and allow a party additional time to "obtain affidavits or declarations or to take discovery" if the non-moving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." "A party opposing summary judgment 'must make clear what information is sought and how it would preclude summary judgment.'" *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (quoting *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987)). Thus, to succeed Plaintiff must show (1) that it has set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion. *California ex rel. California Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998). Moreover, "denial of a Rule 56(f) application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 774−75 (9th Cir. 2003) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)).

Here, Claimant has raised the innocent owner affirmative defense pursuant to 18 U.S.C. § 983(d). (ECF No. 5.) For Claimant to succeed under this defense it must show that it "did not know of the conduct giving rise to forfeiture" or that "upon learning of the conduct giving rise to the forfeiture, [it] did all that reasonably could be expected under the circumstances to terminate such use of the property." 18 U.S.C. § 983(d)(2)(A). Plaintiff has submitted an affidavit in which it asserts that Claimant's summary judgment motion raises issues of fact as to whether any of Claimant's employees knew or had reason to know of the conduct giving rise to the forfeiture actions and the matter in which Claimant exercised its due diligence in deciding to enter into the loan agreement. The Court agrees that Plaintiff should have the opportunity to explore the full extent of the relationship between Claimant and Mr. Volner and should not be required to accept Claimant's assertions without having the

1   opportunity to take the necessary depositions and conduct written discovery on the account

2   correspondence.  *See United States v. Milbrand*, 58 F.3d 841, 844 (2d Cir. 1995) (profiling a

3   dispute involving the innocent owner defense; "[m]atters of knowledge and willful avoidance

4   of knowledge are questions of fact.").  Because these inquiries are essential to defending

5   against Claimant's innocent owner defense, the Court finds that deciding Claimant's Motion at

6   this time would not be appropriate.

7        Moreover, the Court finds that the timing of Claimants Motion for Summary

8   Judgment also weighs in favor of staying this claim prior to deciding Claimants Motion.

9   Claimant filed its Motion for Summary Judgment on November 14, 2012.  (ECF No. 68.)  The

10  Court did not file its Pretrial Scheduling Order until December 20, 2012, which allowed the

11  parties until August 2013 to complete discovery.  (ECF No. 78.)  The Ninth Circuit has held

12  that courts should liberally grant a 56(d) motion when the nonmoving party has not had

13  adequate time to conduct discovery.  *See Burlington*, 323 F.3d at 773−74; (citing *Berkeley v.*

14  *Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995) (describing "the usual generous approach

15  toward granting Rule 56(f) motions")); *Wichita Falls Office Assoc. v. Banc One Corp.*, 978

16  F.2d 915, 919 n. 4 (5th Cir. 1992) (Rule 56(f)-based "continuance of a motion for summary

17  judgment for purposes of discovery should be granted almost as a matter of course unless the

18  non-moving party has not diligently pursued discovery of the evidence" (internal quotation

19  marks and citation omitted)); *Sames v. Gable*, 732 F.2d 49, 52 (3d Cir. 1984) (same).  Thus,

20  the Court finds that Claimant's Motion for Summary Judgment (ECF No. 68) should be stayed

21  with Plaintiff's forfeiture claim.

22  IV.    CONCLUSION

23        For the foregoing reasons, Plaintiff's Motion to Stay Forfeiture Proceedings

24  Pursuant to 18 U.S.C. § 981(g)(1) (ECF No. 63) is **GRANTED**.  As such, it is hereby

25  ORDERED AND ADJUDGED:

26        1.   That this civil forfeiture case and all pending motions associated with such are

27             stayed pending the conclusion of the federal criminal prosecution of *United States v.*

28             *Bart Volen, et al.*, Case No. 2:12-CR-00294-MCE.  As such, Claimant Volen's

7

Motion to Dismiss (ECF No. 36) and Claimant Mechanics Bank's Motion for Summary Judgment (ECF No. 68) are hereby stayed pending the federal criminal prosecution of *United States v. Bart Volen, et al.*, Case No. 2:12-CR-00294-MCE.

IT IS SO ORDERED.

DATED:      June 11, 2013

Troy L. Nunley
United States District Judge