BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 149 G STREET, LINCOLN, CALIFORNIA, PLACER COUNTY, APN: 008-266-015-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, et al.,<br><br>Defendants. | 2:12-CV-00705-TLN-DAD<br><br>STIPULATION FOR EXPEDITED SETTLEMENT BETWEEN UNITED STATES AND LIEN HOLDER MECHANICS BANK REGARDING PROPERTY LOCATED AT 10293 ROCKINGHAM DRIVE, RANCHO CORDOVA, CALIFORNIA; ORDER |

Comes now the United States and Mechanics Bank ("Claimant"), and recites and stipulates in this Stipulation For Expedited Settlement Between United States And Lien Holder Mechanics Bank Regarding Property Located At 10293 Rockingham Drive, Rancho Cordova, California ("Stipulation") as follows:

**RECITALS**

A.   This Stipulation appertains to the real property located at 10293 Rockingham Drive, Rancho Cordova, California, Sacramento County, APN: 077-0050-044-0000, including all appurtenances and improvements thereto ("Rockingham Drive Property"). The Rockingham Drive

1                                                        Stipulation For Expedited Settlement

1  Property is identified in Paragraph 4(i) of the Complaint. A legal description of the Rockingham
2  Drive Property is attached hereto as Exhibit A.

3    B.  In or about March 2007, Volen Properties 9, LLC requested a commercial real estate
4  loan in the amount of $882,000 from the Claimant. Volen Properties 9, LLC is owned by Mr.
5  Volen. The loan was for the purpose of acquiring the Rockingham Drive Property, a 14,000 square
6  foot office building. A $950,000 loan was made and secured by the Rockingham Drive Property.
7  In or about November 2009, Volen Properties 9, LLC requested a new loan in the amount of
8  $1,000,000 to pay off the existing loan evidenced by the $950,000.00 Promissory Note.

9    C.  On or about November 18, 2009, Volen Properties 9, LLC executed and delivered its
10  Promissory Note in the sum of $1,000,000. A true and correct copy of said Promissory Note is
11  attached to Claimant's Verified Claim, Docket #5, as Exhibit G. At the time Volen Properties 9,
12  LLC executed and delivered its Promissory Note (Exhibit G), Volen Properties 9, LLC executed
13  and delivered to the Claimant a Deed of Trust which transferred all of the Volen Properties 9,
14  LLC's interest in the Rockingham Drive Property to the Claimant for the purpose of securing its
15  obligations under the $1,000,000 Promissory Note (Exhibit G). The Deed of Trust was recorded in
16  the official records of the Sacramento County Recorder on November 24, 2009, as document
17  recording number: Book 20091124, page 0999. A true and correct copy of said Deed of Trust is
18  attached to Claimant's Verified Claim, Docket #5, as Exhibit H.

19    D.  In November 2009, the Claimant loaned Volen Properties 9, LLC the sum of
20  $1,000,000. Presently the principal balance is $937,343.11 and interest to June 7, 2013 is
21  $4,556.52.

22    E.  Any violations of 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C) involving the defendant
23  Rockingham Drive Property occurred without Claimant's knowledge or consent.

24    F.  In the event that the United States establishes (i) that the Rockingham Drive Property
25  was used to commit or facilitate the commission of a criminal offense, or was involved in the
26  commission of a criminal offense, and that there was a substantial connection between the property
27  and the offense; or (ii) that the Rockingham Drive Property was used to commit or facilitate the
28  commission of a criminal offense, or was involved in the commission of a criminal offense, after

the Claimant acquired its interest under the Deed of Trust, the United States and Claimant agree that this Stipulation shall establish that Claimant's interest in the Rockingham Drive Property, as evidenced by the Deed of Trust which names the Claimant as beneficiary, shall not be forfeited in accordance with the "Innocent Owner Defense" as specified in 18 U.S.C. § 983(d).

NOW THEREFORE, IT IS HEREBY STIPULATED by and between the United States and that Claimant as follows:

## STIPULATION

1. In the event that the United States establishes that either (i) the Rockingham Drive Property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, after the Claimant acquired its interest under the Deed of Trust on the Rockingham Drive Property; or (ii) the Rockingham Drive Property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, prior to the Claimant acquiring its interest under the Deed of Trust on the Rockingham Drive Property, the Claimant's interest in the Rockingham Drive Property, as beneficiary under its Deed of Trust, shall not be forfeited in accordance with the "Innocent Owner Defense" as specified in 18 U.S.C. § 983(d).

2. The United States shall not contest the validity, priority or enforceability of the Claimant's Deed of Trust which was recorded in the official records of the Sacramento County Recorder on November 24, 2009, as document recording number: Book 20091124, page 0999, Exhibit H to Claimant's Verified Claims. Said Deed of Trust is deemed to be a valid preexisting deed of trust lien on the Rockingham Drive Property. The Claimant's Deed of Trust, and all rights and privileges appertaining thereto, are deemed to be superior to any interest the United States may have in the Rockingham Drive Property.

3. The United States and Claimant agree that upon entry of a judgment of forfeiture in favor of the United States against the Rockingham Drive Property, John Connolly IV, a receiver with knowledge and expertise in the California commercial real estate market, shall be appointed and authorized to sell the Rockingham Drive Property in a commercially reasonable manner that will obtain fair market value for the Rockingham Drive Property (the "Purchase Price").

4. The following costs and expenses of sale shall be deducted from the Purchase Price and paid directly out of escrow in the following order:

(a) First, the costs incurred by John Connolly IV to the date of close of escrow, including the cost of advertising and maintenance;

(b) Second, to the Sacramento County Tax Collector for all real property taxes assessed and unpaid against the Rockingham Drive Property prorated to the date of entry of the Final Judgment of Forfeiture;

(c) Third, the costs and expenses associated with the sale of the Rockingham Drive Property;

(d) Fourth, any county transfer taxes;

(e) Fifth, to Claimant as the lender on the deed of trust encumbering the Rockingham Drive Property, as follows:

(i) all unpaid principal due to Claimant under the Promissory Note ("Note") dated November 18, 2009, with the original principal amount of $1,000,000, which is secured by a Deed of Trust dated November 18, 2009, recorded November 24, 2009, as book 20091124, page 0999 ("Deed of Trust"), in the Official Records of Sacramento County, California;

(ii) all unpaid interest, including any late charges or interest accrued at the default rate, due as of the date of the closing of the sale of the Rockingham Drive Property under the above-referenced Note and Deed of Trust until the date of payment;

(iii) all fees, costs, and advances, including but not limited to reasonable attorneys' fees, prepayment fees, taxes, and hazard insurance as provided under the terms of the Note and Deed of Trust.  Presently the principal balance is $937,343.11 and interest to June 7, 2013 is $4,556.52.

5. The payment to Claimant shall be in full settlement and satisfaction of any and all claims by Claimant to the Rockingham Drive Property and all claims resulting from the incidents or circumstances giving rise to this lawsuit.

6. Upon payment in full as set forth above in paragraph 4(e)(i)-(iii), Claimant agrees to reconvey its interest in the Rockingham Drive Property via recordable documents and cause those

to be recorded, and to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by Claimant and their agents which currently exist or which may arise as a result of the United States' action against the real property.

7. In the event it is determined that the anticipated Purchase Price from the sale of the Rockingham Drive Property will be insufficient to pay Claimant in full as set forth above in paragraph 4(e)(i)-(iii), after the disbursements described above are made in paragraph 4(a)-(d), the United States agrees to release its interest in the Rockingham Drive Property and consent to the exercise of Claimant's state law rights to foreclose upon its deeds of trust that secure the obligations to Claimant.  The United States shall not enter into a binding agreement to sell the Rockingham Drive Property unless the net proceeds remaining from the Purchase Price will be sufficient to pay Claimant in full as set forth above in paragraph 4(e)(i)-(iii), unless Claimant otherwise consents in writing.

8. In the event a default occurs on the obligations secured by the Claimant's deed of trust on the Rockingham Drive Property, the United States and Claimant shall jointly request that this Court appoint John Connolly IV as receiver to manage and sell the Rockingham Drive Property.  Said property shall be sold by the receiver in the manner set forth above in paragraphs 3 and 4.

9. Claimant agrees to notify the U.S. Attorney's Office by the end of the first payment cycle in which a payment is not made under the terms of the $1,000,000 Promissory Note and related loan documents.  If Claimant should fail to notify the U.S. Attorney's Office of any late or missed payments, such failure shall not constitute a breach of this Stipulation, nor shall Claimant face any consequences as the result of such failure.

10. Claimant shall join any motions by the United States for interlocutory or stipulated sale of the Rockingham Drive Property if the proceeds of such sale will be sufficient to pay Claimant in full as set forth in paragraphs 4(e)(i)-(iii), and shall either join or not oppose, at its discretion, any motions to remove occupants from the property for nonpayment of mortgage or rent, destruction of property, or other just cause.

1  11. Except for the rights and benefits established by the terms of this Stipulation, Claimant waives any rights to further litigate against the United States concerning its interest in the Rockingham Drive Property or to petition for remission or mitigation of the forfeiture.

12. Unless otherwise provided by this Stipulation or specifically directed by order of this Court, Claimant is hereby excused and relieved from further participation in this action.

13. The United States and the Claimant agree to execute further documents, to the extent reasonably necessary, to implement the terms of this Stipulation and convey marketable title to the Rockingham Drive Property to the United States in the event the Rockingham Drive Property is forfeited to the United States.

14. There are no other terms or conditions other than those specified within.

15. In the event that one party asserts that the other party has breached this Stipulation, or failed to comply with any term of this Stipulation, the parties hereby agree that the U.S. District Court for the Eastern District of California, Hon. Troy L. Nunley, District Judge, shall retain jurisdiction to enforce the terms of this Stipulation.

Dated: June 11, 2013

BENJAMIN B. WAGNER
United States Attorney

By: /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

JEFFER MANGELS BUTLER & MITCHELL LLP

Dated: June 10, 2013

By: /s/ John A. Graham
JOHN A. GRAHAM
Attorneys for Claimant Mechanics Bank

(Authorized by email)

**ORDER**

The Stipulation is hereby APPROVED.

DATED:    June 11, 2013

                                                    Troy L. Nunley
                                                   United States District Judge

**Exhibit A**

Real property at 10293 Rockingham Drive, Rancho Cordova, CA

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF RANCHO CORDOVA, COUNTY OF SACRAMENTO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

Parcel No.1:

Lots 2 and 3, as shown on that certain "Parcel Map Entitled A Portion of Lot 43, Natomas American River Subdivision 4", recorded in Book 60 of Parcel Maps, at Page 2, records of said County,

EXCEPTING THEREFROM: The West 125.34 feet of said Lot 1.

APN: 077-0050-044-0000

Parcel No. 2:

Non-exclusive easement for ingress and egress of vehicles and pedestrians described as follows:

The easterly 9.00 feet of the westerly 125.34 feet of Lot 2 as shown on that certain parcel map entitled "A portion of Lot 53, Natomas American River Subdivision No.4", according to the official plat thereof, filed in the Office of the Recorder of Sacramento County, California on September 2, 1980 in Book 60 of Parcel Maps, Map No.2.