UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> REAL PROPERTY LOCATED AT 149 G STREET, LINCOLN, CALIFORNIA, PLACER COUNTY, APN: 008-266-015-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, ETC, ET AL. <br><br> Defendants. | CASE NO.   2:12-cv-00705-TLN-AC (TEMP) <br><br> **ORDER ON MOTION FOR ORDER:** <br><br> **(1) INSTRUCTING RECEIVER TO SELL REAL PROPERTY ASSET OF RECEIVERSHIP ESTATE; AND** <br><br> **(2) CONFIRMING SALE OF REAL PROPERTY ASSET FREE AND CLEAR OF LIENS** <br><br> Date:   February 25, 2016 <br> Time:   2:00 p.m. <br> Place:   501 "I" Street, Courtroom 2 Sacramento, CA <br> Judge:   The Hon. Troy L. Nunley |
|---|---|

Mechanic's Bank filed a Motion for Order: (1) Instructing Receiver to Sell Real Property Asset of Receivership Estate; and (2) Confirming Sale of Real Property Asset Free and Clear of Liens (the "Motion"), before this Court on January 20, 2016. (ECF No. 135.) Plaintiff United States has filed a statement of non-opposition to this motion. (*See* ECF No. 138.) Furthermore, Claimants Bart Wayne Volen, Volen Properties, LLC, Volen Properties 4, LLC, Volen Properties 7, LLC, Volen Properties 8, LLC, Volen Properties 9, LLC, and Volen Properties 10, LLC have also filed a non-opposition advising the Court that they do not oppose Mechanics

- 1 -

Bank's Motion to Confirm Sale of Real Property Held in Receivership. (ECF No. 139.)

The United States and Mechanics Bank previously entered into an Expedited Settlement Agreement concerning the Rockingham Property. (ECF No. 104.) Later, after Mechanics Bank's loan on the property went into default, the parties stipulated to install a receiver to maintain the property, collect rents from tenants, and negotiate a purchase and sale agreement ("PSA"). (ECF No. 121.)

The Court, having reviewed the Motion, makes the following findings, conclusions and order:[1]

1. <u>Notice</u>. Based upon the evidence before the Court, the Court finds: The Bank timely served the Notice of Motion and Motion on all of the parties in this action, via their counsel of record and Rockingham Ayers, LLC, and its counsel.

Based upon the foregoing findings, the Court finds that John Connolly, IV (the "Receiver") has employed all procedures required by law to effect the sale of the real property commonly known as 10293 Rockingham Drive, Rancho Cordova, California (the "Property"), as proposed, free and clear of liens, encumbrances, and interests, which will be extinguished by the sale, and convey good and clear title to the assets to Rockingham Ayers, LLC.

2. <u>Best Interests</u>. The Court further finds that:

(a) The proposed sale of the Property as set forth in the Motion was negotiated in good faith and at arm's length between the Receiver and that upon the closing of escrow for the sale of the Property, the net proceeds of sale shall be paid to the Bank at the time of the closing of escrow directly from escrow in an amount sufficient to satisfy the outstanding obligations then due and owing by Volen Properties 9, LLC to the Bank secured by the Property (the "Bank Payment");

(b) The offer of Rockingham Ayers, LLC on the terms set forth in the PSA attached to the Motion, is the best and highest bid for the Property; and

---

[1] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

1          (c)    The proposed sale of the Property as set forth in the Motion is in the
2  best interests of the parties to this action and the receivership estate.
3          Based upon the foregoing findings, the Court finds that sale of the Property as
4  proposed by the Motion should be confirmed by the Court.
5          3.    <u>Receiver's Actions</u>.  The Court further finds that:
6          (a)    The Receiver has acted in good faith and pursuant to the orders of the
7  Court in carrying out the duties of his office in relation to the proposed sale.
8          4.    <u>Orders and Instructions</u>.  Based upon the foregoing findings and conclusions,
9  the Court instructs, authorizes, and orders as follows:
10          (a)    The Motion is granted, and the sale of assets to Rockingham Ayers,
11  LLC on the terms set forth in the PSA attached to the Motion is confirmed;
12          (b)    The Receiver is instructed, authorized, and ordered to forthwith
13  complete the sale of assets to Rockingham Ayers, LLC pursuant to the terms of the PSA;
14          (c)    Rockingham Ayers, LLC shall take good and clear title to the
15  Property sold by the Receiver and the sale and transfer of the Property to Rockingham Ayers, LLC
16  is made free and clear of that (i) Deed of Trust dated November 18, 2009 ("Deed of Trust")
17  executed by Volen Properties 9, LLC, as Trustor, in favor of MacDonald Auxiliary Corporation, as
18  Trustee, for the benefit of Bank, as Beneficiary, which was recorded on November 24, 2009 in the
19  Sacramento County Recorder's Office as Book No. 20091124, Page 0999, (ii) certain Assignment of
20  Rents dated November 18, 2009 ("Assignment of Rents") executed by Volen Properties 9, LLC in
21  favor of Bank, which was recorded on November 24, 2009 in the Sacramento County Recorder's
22  Office at Book 2009124, Page 1000, (iii) certain Subordination, Acknowledgment of Lease
23  Assignment, Non-Disturbance and Attornment Agreement executed by Volen 9, LLC, as lessor, and
24  Lawrence J. Loheit, as lessee, in favor of the Bank, as beneficiary, recorded on February 4, 2010 as
25  Book No. 20100204, page 1041 in the Sacramento County Recorder's Office; (iv) certain
26  Subordination, Acknowledgment of Lease Assignment, Non-Disturbance and Attornment
27  Agreement executed by Volen 9, LLC, as lessor, and American Home Craft, Inc., as lessee, in favor
28  of the Bank, as beneficiary, recorded on February 4, 2010 as Book No. 20100204, page 1042 in the

1  Sacramento County Recorder's Office; (v) certain Notice of Pending Action recorded by the United
2  States of America with respect to the above-entitled action on March 22, 2012, at Book 20120322,
3  page 0762 in the Sacramento County recorder's Office, all of which liens, encumbrances and
4  interest are extinguished upon sale and transfer of the Property

5          (d)     The lien of the Bank arising from the Deed of Trust and Assignment
6  of Rents shall attach to the proceeds of the sale of the Property and shall be paid to the Bank at the
7  time of the closing of escrow directly from escrow to satisfy the outstanding obligations then due
8  and owing by Volen Properties 9, LLC to the Bank secured by the Property (the "Bank Payment");

9          (e)     The Receiver is also authorized to pay out of sales proceeds at the
10  close of escrow a real estate commission of 2.5% to the real estate broker for the buyer Rockingham
11  Ayers, LLC, any unpaid real estate taxes and assessments, recordation fees, transfer taxes, closing
12  costs and reimbursement of any costs of sale incurred in connection with the sale of the Property
13  (collectively, the "Closing Costs") and other expenses set forth in the PSA and is further authorized
14  to pay;

15          (f)     The net proceeds of sale of the Property, if any, after payment of the
16  Bank Payment shall be held by the Receiver in a segregated interest-bearing account until further
17  Order of this Court;

18          (g)     Rockingham Ayers, LLC is purchasing the Property on an "AS IS,
19  WHERE IS AND WITH ALL FAULTS" (as that term is defined in the PSA) without any express
20  or implied representations or warranties whatsoever by the Receiver as more specifically set forth in
21  the PSA including, without limitation, any representations or warranties as to the physical condition
22  or use of the Property except as expressly and specifically set forth in the PSA;

23          (h)     The Receiver is authorized to take all actions to execute the
24  documents necessary to carry out and effectuate the sale of the Property including, without
25  limitation, conveyance documents required by the PSA and shall execute all such documents solely
26  in his capacity as a Court appointed Receiver;

27          (i)     The Receiver shall be authorized to agree to and make non-material
28  modifications in the PSA; provided however that there shall be no reduction in the Purchase Price

of $848,000 set forth therein without the written consent of the Bank in its sole discretion;

(j) Any licensed title insurance company may rely on this Order authorized by the Receiver to transfer legal title to the Property;

(k) A certified copy of this Order may be recorded concurrently with the Receiver at the time of the closing of the escrow for the sale of the Property;

(l) Neither the Bank nor the Receiver shall have any responsibility or liability for any costs or expenses associated with the sale of the Property, including, but not limited to any income tax, capital gains tax, or similar tax which may result or arise from the sale, no matter how or when due which shall be the sole responsibility of the Defendant Volen Properties 9, LLC;

(m) The sale of the Property by the Receiver as authorized herein, when completed, shall be deemed absolute and may not be set aside for any reason; and

(n) After the sale of the Property, the Receiver shall continue to remain in possession of the remaining assets of the receivership estate pursuant to the terms of that Order Appointing Receiver; and Preliminary Injunction in Aid of Receiver filed on September on September 14, 2015 in the above-entitled action.

Dated: February 22, 2016

_____
Troy L. Nunley
United States District Judge