PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>       v.<br><br>REAL PROPERTY LOCATED AT 149 G STREET, LINCOLN, CALIFORNIA, PLACER COUNTY, APN: 008-266-015-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>REAL PROPERTY LOCATED AT 167 G STREET, LINCOLN, CALIFORNIA, PLACER COUNTY, APN: 008-266-016-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>REAL PROPERTY LOCATED AT 1199 PACIFIC HIGHWAY, UNIT 406, SAN DIEGO, CALIFORNIA, SAN DIEGO COUNTY, APN: 533-471-12-27, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>REAL PROPERTY LOCATED AT 10940 FAIR OAKS BOULEVARD, FAIR OAKS, CALIFORNIA, SACRAMENTO COUNTY, APN:  244-0344-013-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>REAL PROPERTY LOCATED AT 2143 OUTRIGGER DRIVE, EL DORADO HILLS, CALIFORNIA, EL DORADO COUNTY, APN: 110-612-05-100, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | 2:12-CV-00705-TLN-DB<br><br>FINAL JUDGMENT OF FORFEITURE AND APPOINTMENT OF A RECEIVER |

1

| | |
|---|---|
| 1 | REAL PROPERTY LOCATED AT 8928 VOLUNTEER LANE, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 078-0450-026-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, |
| 2 | |
| 3 | |
| 4 | |
| 5 | REAL PROPERTY LOCATED AT 833 WEST SYCAMORE STREET, WILLOWS, CALIFORNIA, GLENN COUNTY, APN: 001-21-2-003-0, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, |
| 6 | |
| 7 | |
| 8 | REAL PROPERTY LOCATED AT 7447 ANTELOPE ROAD, CITRUS HEIGHTS, CALIFORNIA, SACRAMENTO COUNTY, APN: 204-0202-014-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, |
| 9 | |
| 10 | |
| 11 | REAL PROPERTY LOCATED AT 10293 ROCKINGHAM DRIVE, RANCHO CORDOVA, CALIFORNIA, SACRAMENTO COUNTY, APN: 077-0050-044-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, |
| 12 | |
| 13 | |
| 14 | REAL PROPERTY LOCATED AT 675 KULIKE ROAD, HAIKU, MAUI, HAWAII, MAUI COUNTY, TAX MAP KEY NO: (2) 2-8-04-072, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and |
| 15 | |
| 16 | |
| 17 | REAL PROPERTY LOCATED AT 575 MENLO DRIVE, ROCKLIN, CALIFORNIA, PLACER COUNTY, APN: 017-283-004-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, |
| 18 | |
| 19 | |
| 20 | Defendants. |

21    Pursuant to the Stipulations for Final Judgment of Forfeiture filed herein, the Court finds:

22    1.    This is a civil forfeiture action against the real properties listed below:

23          (a)  149 G Street, Lincoln, California, Placer County, APN: 008-266-015-000, including all appurtenances and improvements thereto;

25          (b)  167 G Street, Lincoln, California, Placer County, APN: 008-266-016-000, including all appurtenances and improvements thereto;

26          (c)  1199 Pacific Highway, Unit 406, San Diego, California, San Diego County, APN: 533-471-12-27, including all appurtenances and improvements thereto;

28

(d)  10940 Fair Oaks Boulevard, Fair Oaks, California, Sacramento County, APN: 244-0344-013-0000, including all appurtenances and improvements thereto;

(e)  2143 Outrigger Drive, El Dorado Hills, California, El Dorado County, APN: 110-612-05-100, including all appurtenances and improvements thereto;

(f)  8928 Volunteer Lane, Sacramento, California, Sacramento County, APN: 078-0450-026-0000, including all appurtenances and improvements thereto;

(g)  833 West Sycamore Street, Willows, California, Glenn County, APN: 001-21-2-003-0[1], including all appurtenances and improvements thereto;

(h)  7447 Antelope Road, Citrus Heights, California, Sacramento County, APN: 204-0202-014-0000, including all appurtenances and improvements thereto;

(i)  10293 Rockingham Drive, Rancho Cordova, California, Sacramento County, APN: 077-0050-044-0000, including all appurtenances and improvements thereto;

(j)  675 Kulike Road, Haiku, Maui, Hawaii, Maui County, Tax Map Key No: (2) 2-8-04-072, including all appurtenances and improvements thereto; and

(k)  575 Menlo Drive, Rocklin, California, Placer County, APN: 017-283-004-000, including all appurtenances and improvements thereto.

2. A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on March 20, 2012, alleging that said defendant properties are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C).

3. On March 22, April 11, and April 19, 2012, the defendant properties were posted with a copy of the Complaint and Notice of Complaint.

4. Beginning on April 21, 2012, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on June 21, 2012.

5. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals or entities:

---

[1] The property located at 833 West Sycamore Street, Willows, CA was sold by Bart Volen prior to this action being filed.

    a. Bart Wayne Volen
    b. Marcia Volen
    c. Volen Properties, LLC
    d. Volen Properties 4, LLC
    e. KeyCorp Real Estate Capital Markets, Inc.
    f. Mechanics Bank
    g. Liberty Life Assurance Company, et al.
    h. Mercantile Bank
    i. Sanwa Bank California
    j. Sierra National Mortgage
    k. Stancorp Mortgage Investors, LLC
    l. Bank of the West

6. On April 12, 2012, Mechanics Bank filed a claim alleging a lien holder interest in the defendant properties at: (1) 2143 Outrigger Drive, El Dorado Hills, California; (2) 8928 Volunteer Lane, Sacramento, California; and (3) 10293 Rockingham Drive, Rancho Cordova, California. Mechanics Bank filed an answer to the Complaint on April 12, 2012.

7. On April 20, 2012, Standard Insurance Company filed a claim alleging a lien holder interest in the defendant property at 7447 Antelope Road, Citrus Heights, California.[2] They filed an answer to the Complaint on May 1, 2012.

8. On April 25, 2012, U.S. Bank National Association, as Trustee for Registered Holders of WaMu Commercial Securities Trust 2007-SL3, Commercial Mortgage Pass-Through Certificates, Series 2007-SL3 filed a claim alleging a lien holder interest in the defendant property at 10940 Fair Oaks Boulevard, Fair Oaks, California. They filed an answer to the Complaint on May 15, 2012.

9. On May 11, 2012, Marcia T. Volen filed a claim alleging an interest in the defendant properties at 149 G Street, Lincoln, California and 167 G Street, Lincoln, California. She filed an answer to the Complaint on May 11, 2012.

10. On May 23, 2012, Bart Volen filed claims alleging an interest in the defendant properties at: (1) 1199 Pacific Highway, Unit 406, San Diego, California; (2) 2143 Outrigger Drive, El Dorado Hills, California; and (3) 675 Kulike Road, Haiku, Maui, Hawaii.

11. On May 23, 2012, the following Bart Volen-related entities filed claims to:

    a. Volen Properties 4, LLC filed a claim alleging an interest in the defendant properties at 149 G Street, Lincoln, California and 167 G Street, Lincoln, California.

---

[2] The claim was filed on behalf of five entities related to Standard Insurance Company. ECF No. 11

b. Volen Properties 7, LLC filed a claim alleging an interest in the defendant property at 10940 Fair Oaks Boulevard, Fair Oaks, California.

c. Volen Properties 8, LLC filed a claim alleging an interest in the defendant property at 7447 Antelope Road, Citrus Heights, California.

d. Volen Properties 9, LLC filed a claim alleging an interest in the defendant property at 10293 Rockingham Drive, Rancho Cordova, California.

e. Volen Properties 10, LLC filed a claim alleging an interest in the defendant property at 8928 Volunteer Lane, Sacramento, California.

f. Volen Properties, LLC filed a claim alleging an interest in the defendant property at 575 Menlo Drive, Rocklin, California.

12. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

13. On June 4, 2013, the Court entered a Stipulation and Order for Dismissal of Real Property Located at 2143 Outrigger Drive, El Dorado Hills, California (ECF No. 101). On June 7, 2013, the Court entered a Stipulation and Order for Dismissal of Real Property Located at 8928 Volunteer Lane, Sacramento, California (ECF No. 103).

14. On June 12, 2013, the Court entered a Stipulation and Order for Expedited Settlement between the United States and Lien Holder Mechanics Bank regarding the defendant property at 10293 Rockingham Drive, Rancho Cordova, California (ECF No. 106).

15. On August 21, 2013, the Court entered a Stipulation and Order for Dismissal of Real Property Located at 7447 Antelope Road, Citrus Heights, California (ECF No. 108).

16. On October 31, 2013, the Court entered a Stipulation and Order for Appointment of Receiver to Take Possession of, Administer, Market for Sale, and Sell Property regarding the defendant property at 10940 Fair Oaks Boulevard, Fair Oaks, California (ECF No. 110).

17. On December 19, 2014, the Court entered a Stipulation and Order for Dismissal of Real Property Located at 10940 Fair Oaks Boulevard, Fair Oaks, California (ECF No. 117).

18. On September 14, 2015, the Court entered an Order Appointing Receiver and Preliminary Injunction in Aid of Receiver regarding the defendant property at 10293 Rockingham Drive, Rancho Cordova, California (ECF No. 121).

19. The United States believes that in order to ensure that the equity of the properties is preserved for the fraud victim(s), a receiver must be appointed to manage the real properties; coordinate with tenants, vendors, and county tax officials; obtain necessary property and rental insurance; interact with tax professionals; and market and sell the properties in a timely manner.

20. The Court has wide authority to preserve the availability of property for forfeiture under 18 U.S.C. § 983(j)(1)(A). That provision specifically provides:

> (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of satisfactory performance bonds, *create receiverships, appoint conservators, custodians, appraisers, accountants, or trustees, or take any other action to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture…*
>
> (A) upon the filing of a civil forfeiture complaint alleging that the property with respect to which the order is sought is subject to civil forfeiture.

18 U.S.C. § 983(j)(1)(A) (emphasis added).

21. The appointment of a receiver directly serves the interests of § 983(j)(1)(A), because an experienced financial and real estate professional will take steps to ensure the three real properties remain available for victims. The receiver will collect rents and stabilize the tenant relationships, confirm the properties are well-maintained and fully insured, and ensure the value of the properties is preserved until the forfeited properties are marketed and sold in a timely manner.

22. The United States recommends that the Court appoint David Flemmer as the receiver for the real properties identified below in paragraph 3(a)-(c). Mr. Flemmer has over twenty years of experience in accounting and forensic examinations, has served numerous appointments as a Chapter 7 and 11 Bankruptcy Trustee, and has managed many large assets and real properties held in receivership. This Court has previously appointed Mr. Flemmer to provide financial oversight for an asset forfeited by Darrell Hinz in related civil forfeiture case, United States v. Approximately $50,319.11 Seized From 49er Credit Union Bank, et al., Case No. 2:12-CV-01632-TLN-AC, ECF No. 33 [Resume and Qualifications attached at ECF No. 29] and in related civil forfeiture case United States v. Real Property Located at

2541 Zuider Zee Circle, Elverta, California, et al., Case No. 2:12-CV-00706-TLN-AC, ECF No. 55. Thus, Mr. Flemmer is familiar with the facts, individuals, and assets involved in this case, as well as possessing the necessary financial and real estate background to preserve the value of the real properties until they are sold.  The United States proposes that Flemmer will be paid from the rental or sale proceeds from the defendant properties, but only with net rental or sale proceeds exceeding the costs.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulations for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. That judgment is hereby entered against claimants Bart Volen; Volen Properties, LLC; Volen Properties 4, LLC; Volen Properties 7, LLC; Volen Properties 8, LLC; Volen Properties 9, LLC; Volen Properties 10, LLC; and Marcia T. Volen, and all other potential claimants who have not filed claims in this action.

3. All right, title, and interest of Bart Volen; Volen Properties, LLC; Volen Properties 4, LLC; Volen Properties 7, LLC; Volen Properties 8, LLC; Volen Properties 9, LLC; Volen Properties 10, LLC; and Marcia T. Volen in the below listed the defendant properties shall be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), to be disposed of according to law:

> (a) Net sale proceeds in the amount of $426,844.00, plus appreciation if any, from the sale of real property located at 149 G Street, Lincoln, California, Placer County, APN: 008-266-015-000, including all appurtenances and improvements thereto, and more fully described in Exhibit A attached hereto and incorporated herein by reference;
>
> (b) Net sale proceeds in the amount of $784,000.00, plus appreciation if any, from the sale of real property located at 1199 Pacific Highway, Unit 406, San Diego, California, San Diego County, APN: 533-471-12-27, including all appurtenances and improvements thereto, and more fully described in Exhibit B attached hereto and incorporated herein by reference;
>
> (c) Net sale proceeds in the amount of $119,949.00, plus appreciation if any, in lieu of real property located at 575 Menlo Drive, Rocklin, California, Placer County, APN: 017-283-004-000, including all appurtenances and improvements thereto, and more fully described in Exhibit C attached hereto and incorporated herein by reference; and

///

///

///

    (d)  $23,340.00, plus all accrued interest, in lieu of real property located at 675 Kulike Road, Haiku, Maui, Hawaii, Maui County, Tax Map Key No: (2) 2-8-04-072.[3]

  4. Pursuant to 18 U.S.C. § 983(j)(1)(A), Mr. David Flemmer is APPOINTED as the Receiver for the defendant properties listed above in paragraph 3 (a)-(c).

  5. Upon entry of this Final Judgment of Forfeiture, the Receiver shall be authorized to do the following regarding the defendant properties listed above in paragraph 3 (a)-(c):

   a. Consult and coordinate with existing tenants, accept rental payments, and enter into leasehold agreements for continued tenancy;

   b. Coordinate and hire vendors to provide maintenance, common area upkeep, and yard maintenance;

   c. Interview prospective tenants and enter into leasehold agreements;

   d. Consult and coordinate with county tax officials and any local entities regarding applicable property taxes, levies, penalties, or HOA dues;

   e. Coordinate and obtain any insurance required to preserve the value of the real properties, to include general liability and rental insurance;

   f. Order appraisals, consult with valuation professionals, and take other necessary and reasonable steps to properly value the real properties. The Receiver and the appraiser may have access to the defendant properties and structures, buildings, or storage sheds thereon upon 24 hours' telephonic notice;

   g. List the defendant properties for sale and have the sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and have the sole authority over the marketing and sale of the defendant properties; and

   h. The Receiver and/or the IRS shall deduct their costs incurred to date of close of escrow, including the cost of posting, service, advertising, and maintenance from the net proceeds after payment of the costs associated with selling each property, unpaid property taxes, and any liens or judgments owed prior to recording of Lis Pendens. The United States may pay any such lien or encumbrance at its sole discretion.

---

[3] Appreciation for 575 Menlo Drive will be calculated by comparing the current appraised value with the government's appraised value in 2011. The government agreed to obtain an updated appraisal within ninety days of the signed stipulation for final judgment of forfeiture and provided it to claimant's attorney or appointed representative. The appreciation, if any, will be calculated in proportion to the forfeited amount.

As to appreciation for the properties that will be forfeited and sold, the appreciation will be calculated by comparing the appraised value in 2011 with the sale price. The appreciation, if any, will be calculated in proportion to the forfeited amount. The government will provide the 2011 appraisals for the above-listed properties to claimant's attorney or appointed representative.

6.     The United States will receive the remaining net proceeds from the sale of the defendant properties up to the amounts listed above in paragraph 3 (a)-(c). All right, title, and interest in said funds shall be substituted for the defendant properties and forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), to be disposed of according to law.

7.     All remaining net proceeds, if any, shall be paid to Bart Volen through his attorney Courtney J. Linn or appointed representative, with the exception of the remaining net proceeds for the property at 149 G Street, Lincoln, California. The remaining net proceeds for the 149 G Street property shall be split 50/50 between Bart Volen and Marcia T. Volen, and returned through their attorneys or appointed representative.

8.     In the Stipulation for Final Judgment of Forfeiture, Bart Volen agreed to pay $119,949.00, plus appreciation if any, in lieu of the real property located at 575 Menlo Drive, Rocklin, California at the time of sentencing in his parallel criminal case. Provided payment was received at or before sentencing, the United States agreed not seek forfeiture of this property. Volen was sentenced on September 29, 2016, but payment for the Menlo property was not received by sentencing. Accordingly, the Receiver is authorized to sell the real property located at 575 Menlo Drive, Rocklin, California, Placer County, APN: 017-283-004-000. The United States will receive $239,868.00, which includes appreciation, from the net sale proceeds of this property and any remaining net proceeds shall be paid to Bart Volen through his attorney Courtney J. Linn or appointed representative.

9.     Pursuant to the Stipulation for Final Judgment of Forfeiture (¶ 26), Bart Volen paid $23,340.00 to the United States in lieu of forfeiting the real property located at 675 Kulike Road, Haiku, Maui, Hawaii on September 28, 2016.

10.    Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

11.    All payments to the United States shall be made in the form of checks made payable to the U.S. Department of Treasury and sent to the U.S. Attorney's Office, Att: Asset Forfeiture Unit, 501 I Street, Sacramento, CA 95814. The Receiver shall provide information to the United States itemizing what properties the payments are for and shall provide all closing documents to the United States, once the properties are sold.

12. Within thirty (30) days from entry of this Final Judgment of Forfeiture, the United States shall record a withdrawal of lis pendens against the real properties located at 167 G Street, Lincoln, California, APN: 008-266-016-000 and 675 Kulike Road, Haiku, Maui, Hawaii, Maui County, Tax Map Key No: (2) 2-8-04-072.

13. Claimants Bart Volen and Marcia T. Volen represented that they will not take any action, or cause any other person to take any action, to damage or modify the defendant properties from their condition at the time of signing their stipulations or other action that may result in a reduction in value of the defendant properties.

14. Claimants Bart Volen and Marcia T. Volen shall remove all personal possessions. Any and all of claimants personal possessions not removed upon 72 hours' notice by the Receiver will be disposed of by the United States without further notice and any expenses incurred will be deducted from funds to be paid to claimants. Removal of all personal possessions of any former occupant, including all vehicles, furniture, and trash shall be coordinated with Bart Volen and/or his representative. Bart Volen and/or his representative shall leave the properties clean and in the same state of repair as the properties were on the dates they were posted.

15. The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant properties with the Complaint and Notice of Complaint. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of the filing of the Complaint and the posting of the defendant properties with the Complaint, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

16. Each party shall bear his or her own costs and attorney's fees.

17. The U.S. District Court for the Eastern District of California, Hon. Troy L. Nunley, District Judge, shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

///

///

///

1  18. Based upon the allegations set forth in the Complaint filed March 20, 2012, and the Stipulations for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant properties and/or seizure of the sub *res*, and for the commencement and prosecution of this forfeiture action.

IT IS SO ORDERED:

Dated: October 17, 2016

_____
Troy L. Nunley
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **Exhibit A**
Real property at 149 G Street, Lincoln, CA

All of Lot 12 and a portion of Lot 13 shown on "Map of Lincoln" recorded in Book A of Maps at Page 22, Placer County Records, described as follows:

BEGINNING at the southwest corner of said lot 12: thence along the west line of said lots 12 and 13 N 00°00'37" E 74.92'; thence leaving said west line S 89°59'53" E 129.83' to the east line of said lot 13; thence along the east line of said lots 13 and 12 S 00°01'01" W 74.91' to the southeast corner of said lot 12; thence along the south line of said lot 12 S 89°59'52" W 129.82' to the POINT OF BEGINNING;

Containing 9,727 square feet, more or less.

APN: 008-266-015-000

Final Judgment of Forfeiture

**Exhibit B**
Real property at 1199 Pacific Highway, Unit 406, San Diego, CA

A CONDOMINIUM COMPRISED OF:

PARCEL 1:

AN UNDIVIDED 1/222ND FEE SIMPLE INTEREST AS A TENANT IN COMMON IN AND TO THE COMMON AREA SHOWN ON THE PHASE 1 CONDOMINIUM PLAN FOR THE GRANDE AT SANTA FE PLACE, RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY ON OCTOBER 9, 2002, AS INSTRUMENT NO. 2002-0872993, AS AMENDED BY THAT FIRST AMENDMENT TO THE GRANDE AT SANTA FE PLACE (PHASE 1) CONDOMINIUM PLAN RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY ON DECEMBER 30, 2003, AS DOCUMENT NO. 2003-1521099 AND AS SUPPLEMENTED BY THAT CERTAIN SUPPLEMENTAL CONDOMINIUM PLAN FOR THE GRANDE SOUTH AT SANTA FE PLACE CONDOMINIUM PLAN RECORDED AUGUST 5, 2004, AS DOCUMENT NO. 2004-0742765 (COLLECTIVELY "CONDOMINIUM PLAN").  THE COMMON AREA DESCRIBED ABOVE IS LOCATED WITHIN LOT 2 OF SANTA FE DEPOT IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 14467, AS FILED WITH THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY ON OCTOBER 7, 2002.

EXCEPTING THEREFROM ALL RIGHT, TITLE AND INTEREST IN AND TO ALL WATER RIGHTS, COAL, OIL. GAS AND OTHER HYDROCARBONS, GEOTHERMAL RESOURCES, PRECIOUS METALS, ORES, BASE METALS ORES, INDUSTRIAL-GRADE SILICATES AND CARBONATES, FISSIONABLE MINERALS OF EVERY KIND AND CHARACTER, METALLIC OR OTHERWISE, WHETHER OR NOT PRESENTLY KNOWN TO SCIENCE OR INDUSTRY, NOW KNOWN TO EXIST OR HER AFTER DISCOVERED UPON. WITHIN OR UNDERLYING THE SURFACE OF SAID LAND REGARDLESS OF THE DEPTH BELOW THE SURFACE AT WHICH ANY SUCH SUBSTANCE MAY BE FOUND; HOWEVER, NO RIGHTS FOR ANY PURPOSE WHATSOEVER TO ENTER UPON, INTO OR THROUGH THE SURFACE OR THE FIRST 500 FEET OF THE SUBSURFACE OF THE PROPERTY WERE GRANTED IN CONNECTION THEREWITH AS RESERVED ON THE GRANT DEED RECORDED MAY 31, 2001, AS FILE NO. 2001-0353568 OF OFFICIAL RECORDS.

PARCEL 2:

RESIDENTIAL UNIT NO. 406, AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN.

PARCEL 3:

NON-EXCLUSIVE APPURTENANT EASEMENTS IN AND TO THE ASSOCIATION PROPERTY FOR USE OF THE ASSOCIATION PROPERTY PURSUANT TO THE TERMS OF THE DECLARATION.  AS USED IN THIS DEED, REFERENCES TO "ASSOCIATION PROPERTY", "RESIDENTIAL UNIT", "EXCLUSIVE USE AREAS", "COMMON AREA", AND ANY OTHER DEFINED TERMS SHALL HAVE THE
MEANINGS AS SET FORTH IN THE DECLARATION AND THE CONDOMINIUM PLAN.

PARCEL 4:

AN EXCLUSIVE BASEMENT ("EXCLUSIVE USE EASEMENT") OVER THE PORTION OF THE COMMON AREA (AS DEFINED IN THE DECLARATION), DESIGNATED AS BEING APPURTENANT TO THE RESIDENTIAL UNIT IN THE CONDOMINIUM PLAN.

Final Judgment of Forfeiture

PARCEL 5:

AN EXCLUSIVE EASEMENT OVER THE PORTION OF THE ASSOCIATION PROPERTY DESCRIBED BELOW:

EXCLUSIVE USE PARKING SPACE NO(S). 238; 239; NA; NA, EXCLUSIVE USE STORAGE AREA NO. 67, AS SHOWN ON THE SUPPLEMENTAL CONDOMINIUM PLAN RECORDED ON AUGUST 5, 2004, AS FILE NO. 2004-0742765 OF OFFICIAL RECORDS.

APN: 533-471-12-27

### Exhibit C
Real property at 575 Menlo Drive, Rocklin, CA

The land referred to in this Report is situated in Unincorporated area, County of Placer, State of California, described as follows:

Lot 4, as said lot is shown and delineated on the Map of "TRACT NO. 602 ATHERTON TECH CENTER", filed for record in the Office of the Placer County Recorder on November 8, 1985 in Book "O" of Maps, at page 45.

EXCEPTING AND RESERVING THEREFROM all oil, gas and other hydrocarbon substances, inert gases, minerals and metals, lying below a depth of 500 feet from the surface of said property, whether now known to exist or hereafter discovered, including, but not limited to the rights to explore for, develop and remove such oil, gas and other hydrocarbon substances, inert gases, minerals and metals without, however, any right to use the surface of said property, or any other portion thereof above a depth of 500 feet from the surface thereof, for any purpose whatsoever, as contained in that certain deed recorded June 25, 1990, in Book 3935, at page 26, official Records.

APN: 017-283-004-000